GREHER LAW OFFICES, P.C.
ATTORNEYS FOR DEBTOR
1161 LITTLE BRITAIN ROAD, SUITE B
NEW WINDSOR, NEW YORK  12553
(845) 567-1002
WARREN GREHER, ESQ.  (WG7174)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In Re:                                                                                            Case No. 08-35792

**DENISE C. JANAC a/k/a**
**DENISE C. MATTHEWS**

                                  *Debtor*
-------------------------------------------------------------------x

**NEAL D. FRISHBERG**

                                 *Plaintiff*                                        Adv. Case No. 08-09051

**DENISE C. JANAC**

                                 *Defendant*
-------------------------------------------------------------------x

# Motion for Summary Judgment

                       **Please Take Notice** upon Please Take Notice upon the motion of Denise Janac, the defendant herein by her attorneys, Greher Law Offices, the undersigned will move this Court before the Hon. Cecelia G. Morris, United States Bankruptcy Judge at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York on the 19th day of  May, 2009 at 10:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an Order pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56, granting summary judgment in favor of the defendant and for such other and further relief as this Court seems just and proper.

𝔓𝔩𝔢𝔞𝔰𝔢 𝔗𝔞𝔨𝔢 𝔉𝔲𝔯𝔱𝔥𝔢𝔯 𝔑𝔬𝔱𝔦𝔠𝔢 that papers in opposition, if any, to the relief requested in the motion shall be filed with the Court together with proof of service thereof and upon Greher Law Office, P.C, 1161 Little Britain Road, Suite B, New Windsor, to be received at least three (3) days prior to the return date of this motion.

Dated: April 6, 2009

**GREHER LAW OFFICES, P.C.**

**WARREN GREHER, (7174)**

*Attorney for Debtor*
**1161 Little Britain Road, Suite B
New Windsor, New York 12553**

To:

**Fabricant, Lipman & Frishberg, PLLC
One Harriman Square
PO Box 60
Goshen, New York 10924**

**Michael O'Leary, Esq.
225 Dolson Avenue, Suite 303
Middletown, New York 10940**

GREHER LAW OFFICES, P.C.
ATTORNEYS FOR DEBTOR
1161 LITTLE BRITAIN ROAD, SUITE B
NEW WINDSOR, NEW YORK 12553
(845) 567-1002
WARREN GREHER, ESQ. (WG7174)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In Re:                                          Case No. 08-35792

**DENISE C. JANAC a/k/a**
**DENISE C. MATTHEWS**

                                 *Debtor*
------------------------------------------------------------------x

**NEAL D. FRISHBERG**

                                 *Plaintiff*          Adv. Case No. 08-09051

**DENISE C. JANAC**

                                 *Defendant*
------------------------------------------------------------------x

# Defendant's Affidavit in Support of the Motion for Summary Judgment

DENISE C. JANAC, deposes and says:

    1. I am the defendant in the above entitled action.

    2. I make this affidavit in support of my motion requesting the entry of an Order pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56 granting summary judgment in favor of me.

    3. On or about April 18, 2008, I filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

4. This Adversary Proceeding was commenced on or about the 14th day of July, 2008 by plaintiff filing a complaint seeking relief pursuant to 11 USC Section 523 (b) and 11 USC Section 727. It is difficult to ascertain exactly what the plaintiff is complaining of, but to the best of my ability and knowledge, it would appear that on his first cause of action, he is claiming that I obtained his services under false pretenses.

5. With respect to his second cause of action, he is claiming I made false and misleading statements concerning the events of December 18, 2005 with the intent to deceive him and induce him to continue to render services to me in a Family Court proceeding.

6. This third cause of action alleges common law fraud.

7. For the reasons set forth herein, the application should be dismissed and summary judgment granted to me.

8. Attached to the plaintiff's complaint in excruciating detail are the assertions made by me concerning the incidents that took place the night of December 18, 2005. Those assertions are true and correct; I stand by them to this date. No Court has made any determination that those statements were false, fraudulent or, in fact, misleading. The Court did, in it's ruling, indicate that I failed to make out a *prima facie* case concerning those allegations. That statement by the Court falls far short of any finding of fraud or any intent to mislead the plaintiff herein.

9. I have been advised by my attorney that in order to prevail under his claim of fraud, he must establish the five elements of fraud: 1. that I made representations; 2. that I knew those representations were false at the time they were made with the intent to deceive; 4. That they were relied upon by the plaintiff; and 5. that plaintiff sustained damages that were the proximate result of the representations. I have been further advised that it is the plaintiff that has the burden of proof by the preponderance of evidence with respect to proving all of these elements.

10. In this particular case, I clearly made statements to the plaintiff. Those statements, however, were true when made. They were not made with the intent to deceive. They were made as statements of fact and formed the basis of my retention of the plaintiff as my attorney.

11. As an aside, it would appear that it is plaintiff's contention that if he knew the statements were false, he would not represent me. Apparently, it is plaintiff's position that he only represents people who are 100% in the right and further it would appear, based on his statements, that I had, in fact, paid him and the Court rendered the same decision that he in fact did, he would have given me my money back.

12. In every litigation, there is a winner and a loser. Plaintiff apparently believes that every time there is a loser, the conclusion can be drawn that a) the client lied to the attorney representing him; and b) the attorney was mislead into representing the party.

13. In sum, plaintiff's complaint fails to rise to that level necessary to prosecute the underlying complaint herein.

14. For the reasons set forth herein, the Court should grant summary judgment in favor of the defendant.

                                                             *s/ Denise C. Janac*
                                                             **Denise C. Janac**

*Sworn to before me on*
*April 3, 2009*

*s/ Warren Greher*
      *Notary Public*

*Warren Greher*
*Notary Public, State of New York*
*No. 4625563*
*Qualified in Orange County*
*Commission Expires September 30, 2010*

Greher Law Offices, P.C.
Attorneys for Debtor
1161 Little Britain Road, Suite B
New Windsor, New York 12553
(845) 567-1002
Warren Greher, Esq. (WG7174)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
*In Re*:                                                                              Case No. 08-35792

**Denise C. Janac a/k/a**
**Denise C. Matthews**

                                *Debtor*
-------------------------------------------------------------------x

**Neal D. Frishberg**

                                *Plaintiff*                                   Adv. Case No. 08-09051

**Denise C. Janac**

                                *Defendant*

-------------------------------------------------------------------x

# Motion For Summary Judgment

To: Honorable Cecelia G. Morris, United States Bankruptcy Judge

        The debtor, Denise Janac, by and through her attorneys, Greher Law Offices, P.C, respectfully represents:

        1.   This motion is made for an Order pursuant Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56 granting summary in favor of the defendant.

        2.   The debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 18, 2008.

3. On or about December 18, 2005, the defendant retained the plaintiff to represent her in a family Court proceeding in Orange County, New York.

4. The Orange County proceeding was one instituted by the defendant/debtor herein seeking an Order of Protection against her then husband, Robert Matthews.

5. The defendant continued to represent the defendant though a trial of said matter in Orange County Family Court.

6. At the end of the proceeding, the Family Court Judge rendered a written decision indicating that the defendant herein (petitioner in that action) failed to make out a *prima facie* case and dismissed the complaint.

7. The plaintiff alleged that he is owed for the representation of the defendant a sum in excess of $50,000.

8. The plaintiff commenced an adversary proceeding alleging that his representation of the defendant/debtor was based upon false statements made by the debtor and further that statements made by the debtor were fraudulent.

9. Statements made by the defendant/debtor to the plaintiff were true and correct when made. No Court has made a determination that the statements were false, fraudulent or, in fact, misleading.

10. There is no indication that the sole reason that the plaintiff represented the defendant was that he relied upon said statements. It is clear that he represented the defendant because he thought he was going to get paid for that representation.

11. The debt owed to the plaintiff is dischargeable under 11 USC Section 523(a)(2)(A).

12. In order for the plaintiff to proceed, he must establish the five elements of fraud:

    (1) The debtor made representations;
    (2) Which he knew at the time were false;
    (3) That were made with the intent to deceive;
    (4) That were relied upon; and
    (5) In sustaining damages that were the proximate result of the representation.

*In Re: Welch, 208 B.R. 107(B.Court SDNY 1997), In Re: Carrier, 181B.. 742(B.Court SDNY 1995).*

13. Plaintiff further has the burden of proof by a preponderance of the evidence on all of the elements set forth in Section 523 (a)(2)(A). And to further meet his burden, the plaintiff must also show the Court that all of those elements existed at the time the parties entered into the contract. *In Re: Welch, supra.*

14. Based upon the foregoing it is respectfully submitted that the defendant is entitled to summary judgment as there is no genuine issue of material fact to be tried by this Court.

15. The issue as to fraud was essentially tried in the Family Court and no finding of fraud was found by that Court, merely a statement that the petitioner (debtor/defendant in this matter) failed to make out an establish a *prima facie* case.

16. As a result of that Family Court finding, the plaintiff is barred by issues of collateral, estoppel and *res judicata*. In this particular instance, the debt owed to the plaintiff is a dischargeable debt which arises from the defendant's retention of the plaintiff to represent her in Family Court.

𝔚𝔥𝔢𝔯𝔢𝔣𝔬𝔯𝔢, defendant respectfully requests an Order pursuant to Bankruptcy Rule 7056 and Federal Rules of Civil Procedure 56 granting summary judgment in favor of the defendant and for such other and further relief to the Court seems just and proper.

                                                                                             *s/Warren Greher*
                                                                                            *Warren Greher*

*Affirmed: April 6, 2009*

GREHER LAW OFFICES, P.C.
ATTORNEYS FOR DEBTOR
1161 LITTLE BRITAIN ROAD, SUITE B
NEW WINDSOR, NEW YORK 12553
(845) 567-1002
WARREN GREHER, ESQ. (WG7174)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In Re:                                                                                    Case No. 08-35792

**DENISE C. JANAC a/k/a**
**DENISE C. MATTHEWS**

                               *Debtor*
------------------------------------------------------------------x

**NEAL D. FRISHBERG**

                              *Plaintiff*                            Adv. Case No. 08-09051

**DENISE C. JANAC**

                              *Defendant*
------------------------------------------------------------------x

# Statement of Facts Pursuant to Local 7056-1

        The defendant, Denise Janac, by her attorney's Greher Law Offices, hereby submits, pursuant to Local Bankruptcy Rule 7056-1, Statement that there are no genuine issues of facts to be tried as to the following material facts.

        1. The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 18, 2008.

2. Debtor hired the plaintiff to represent her in an Orange County Family Court matter, relating to the request for an Order of Protection.

3. The request for the Order of Protection arose out of an incident that took place between the defendant and her then husband the night of December 18, 2005.

4. There is no written retainer agreement between the parties.

5. On or about March 23, 2007, the Orange County Family Court, Hon. Debra Kiedaisch issued a written decision and Order dismissing the complaint.

6. In said decision, the Court did not find or rule that the defendant/debtor lied or misrepresented any facts to the Court or to any other parties.

7. The Court did not find any allegations of fraud against the defendant.

8. The Court found that the defendant's petition requesting an Order of Protection was denied and that the defendant failed to establish a prima facie case.

9. The statement of events narrated to the plaintiff by the defendant and further reiterated by the defendant in open Court before the Hon. Debra Kiedaisch were true.

Dated: April 6, 2009

                                              s/ Warren Greher
**WARREN GREHER, (7174)**
**GREHER LAW OFFICES, P.C.**

*Attorney for Debtor*
**1161 Little Britain Road, Suite B**
**New Windsor, New York 12553**

STATE OF NEW YORK )
COUNTY OF ORANGE ) ss.:

I, Nancy Castelli, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Newburgh, New York.

On April 6, 2008 , I served the within **Motion** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after the name:

**Fabricant, Lipman & Frishberg, PLLC**
**One Harriman Square**
**PO Box 60**
**Goshen, New York  10924**

**Michael O'Leary, Esq.**
**225 Dolson Avenue, Suite 303**
**Middletown, New York   10940**

                                    __s/ Nancy Castelli_____
                                        Nancy Castelli

Sworn to before me on
April 6, 2009

_s/ Warren Greher_____
      Notary Public

Warren Greher
Notary Public, State of New York
No. 4625563
Qualified in Orange County
Commission Expires September 30, 2010